**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALVIR KAUR SANDHU; et al., | No. 08-70172 |
| Petitioners, | Agency Nos.  A098-157-463 |
| | A098-157-464 |
| v. | A098-157-465 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Balvir Kaur Sandhu and her family, natives and citizens of India, petition for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying their applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the IJ's finding that, even if Sandhu was persecuted on account of a protected ground, the government rebutted the presumption of a well-founded fear of future persecution by establishing changed circumstances in India. *See* 8 C.F.R. § 1208.13(b)(1); *see also Gonzalez-Hernandez*, 336 F.3d at 999-1001. The IJ rationally construed evidence in the record and provided a sufficiently individualized analysis of Sandhu's situation. *See id.* at 1000. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n.5.

Finally, substantial evidence also supports the IJ's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured if returned to India. *See* 8 C.F.R. § 1208.16(c)(2); *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**